UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
HENRY CHAN,

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Respondent.

---------------------------------------------------------- X

**ORDER**

10 Civ. 4593 (BMC)

Petitioner Henry Chan moves to modify a sentence imposed by the Court under docket number 06-CR-427 (BMC). Petitioner Chan filed his motion *pro se* but has since been appointed counsel.

By Order dated January 3, 2011, this Court issued a finding that petitioner's motion was properly construed as an application pursuant to 28 U.S.C. § 2255, which provides that a defendant may collaterally attack his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." This Order gave petitioner thirty days to withdraw or amend his petition in light of Adams v. United States, 155 F.3d 582 (2d Cir. 1998) (per curiam). By letter dated January 19, 2011, petitioner informed the Court that he waives the thirty day objection period and also waives any right to a hearing on his petition. The Government does not object to the relief granted below.

This Court finds that petitioner is entitled to relief under 28 U.S.C. § 2255. This Court sentenced petitioner to 121 months in custody on March 13, 2007. At the time of sentencing,

petitioner was serving a state sentence for the predicate crimes underlying his federal racketeering convictions. At the sentencing hearing, the Court ordered that petitioner's federal sentence run concurrently with his ongoing state sentence, and that petitioner "gets credit for time served. All of the time he has served or will serve in state court comes off this sentence." The Court's intention was that petitioner would serve the 121 months less the months he had already served on his state sentence.

Under 18 U.S.C. § 3585(b), the Bureau of Prisons ("BOP") has sole authority to determine the credit to which a defendant is entitled for prior custody. The BOP's regulations do not provide for petitioner's federal sentence to be credited with time served on his state sentence. Therefore, this Court's instructions regarding petitioner's sentence were ineffectual. The Court should have subtracted the time served on the state sentence from the 121 months total, and then sentenced petitioner to the remaining time.

To remedy this error, the Court grants petitioner's § 2255 petition to modify his sentence and orders that petitioner's sentence is vacated. The Court will hold a resentencing hearing on Friday, February 4, 2011 at 11:30. Because of the potential difficulties in transporting petitioner to this district for his resentencing hearing, petitioner may wish to waive his right to appear and be present at the resentencing by telephone. If petitioner wishes to so waive his appearance at resentencing, he must file a letter doing so explicitly. If petitioner is unable to appear at the scheduled date, the hearing will be adjourned to a later date.

It is therefore ORDERED that the petition for a writ of habeas corpus is granted on the terms set forth herein.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       January 27, 2010